UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Gardner, Danielle Baker, and all others similarly situated,

Plaintiffs,

v.

First American Title Insurance Company, Universal Title Company, and Universal Partnerships,

Defendants.

Civil File No. 01-937 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss. For the reason that follow, Defendants' Motion is denied.

**BACKGROUND**

This is the second iteration of this case. On April 4, 2001, this Court granted Defendants' motion to dismiss Plaintiffs' claims that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., because Plaintiffs had failed to allege in their Complaint that their mortgages were federally related, as required by RESPA. See 12 U.S.C. § 2607(a). Plaintiffs filed this new action almost exactly one month after the Order dismissing their original Complaint.[1] Defendants now contend that Plaintiffs'

[1] Curiously, Plaintiffs filed their new action in state court, and Defendants promptly removed it. The original action was filed in federal court. On the same day the new action was filed, Plaintiffs also filed a notice of appeal from the dismissal. The 8th Circuit has yet to rule on that appeal.

FILED DEC 1 0 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

claims under RESPA are untimely, and that Plaintiffs have failed to state a claim for violations of various Minnesota consumer protection statutes.

As set forth in the previous Order, Plaintiffs purport to represent a class of recent purchasers of real property. They allege that Defendant title insurance companies set up sham intermediary limited partnerships using real estate agents as the limited partners. According to Plaintiffs, the agents referred closing services to these limited partnerships and in exchange received referral fees. Plaintiffs contend that these referral fees constituted illegal kickbacks to the real estate agents in violation of RESPA. Plaintiffs assert that they paid more for closing services than they would have paid absent these sham limited partnerships. Plaintiffs also allege various state-law claims.

Defendants now assert that Plaintiffs' claims under RESPA are untimely, and that Plaintiffs have failed to state a claim on their Minnesota statutory claims.

**DISCUSSION**

For the purposes of Defendants' Motion to Dismiss, the Court takes all facts alleged in Plaintiffs' Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiffs. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## A. Statute of Limitations

RESPA requires that actions be brought within one year of the alleged RESPA violation. 12 U.S.C. § 2614. For the purposes of Plaintiffs' allegations, the alleged RESPA violations were complete when each Plaintiff purchased real estate. Named Plaintiff Mark Gardner purchased real estate on January 28, 2000, and named Plaintiff Danielle Baker purchased real estate on October 28, 1999. The original Complaint was filed on September 21, 2000. This action was filed on May 3, 2001. Defendants contend that, because May 3, 2001, is more than one year after both Plaintiff Gardner and Plaintiff Baker purchased real estate, this action must be dismissed. Plaintiffs assert that the statute of limitations was tolled during the pendency of the first action so that their claims are timely.

The parties argue at length about the applicability of Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983). In that case, the Supreme Court held that the statute of limitations is tolled during the pendency of a class action for members of the class. Id. at 353-54. Thus, if a court denies class certification after the time to bring suit has run, individuals who were within the putative class definition may file their claims without running afoul of the statute of limitations. According to Defendants, Crown does not apply to the instant situation, because here Plaintiffs seek to institute a second class action after dismissal of the first class action.

Whether or not the reasoning of Crown applies to the instant litigation, the equities of the situation require that the statute of limitations be tolled during the pendency of the first

action. The previous Order dismissed Plaintiffs' original Complaint without prejudice. The implication of that Order was that Plaintiffs could re-file their lawsuit. The Order was filed more than three months after the RESPA statute of limitations allegedly ran on Plaintiffs' claims. To hold now that Plaintiffs' claims are untimely would eviscerate the prior dismissal without prejudice. Plaintiffs' claims are timely, and Defendants' Motion is denied with respect to the RESPA claims.

**B. Minnesota Statutory Claims**

Defendants also seek to dismiss Plaintiffs' claim in Count III, which raises alleged violations of several Minnesota statutes: (1) the Consumer Fraud Act ("CFA"), Minn. Stat. § 325F.68 et seq.; (2) the Deceptive Trade Practices Act ("DTPA"), Minn. Stat. § 325D.43 et seq.; (3) the False Statement in Advertising Act ("FSAA"), Minn. Stat. § 325F.67 et seq.; and (4) the Unlawful Trade Practices Act ("UTPA"), Minn. Stat. § 325D.09 et seq. According to Defendants, Plaintiffs claim under the DTPA fails as a matter of law because Plaintiffs have not alleged a likelihood of confusion or misunderstanding. Defendants further contend that Plaintiffs' CFA, UTPA, and FSAA claims fail because Plaintiffs have failed to show that the omission at issue was a misrepresentation within the meaning of the statutes. Defendants assert that Plaintiffs' FSAA claim fails on its face because it does not allege a false statement in advertising. Finally, Defendants maintain that all of the statutory claims fail because Plaintiffs have not alleged any injury or damages arising out of the alleged violations of the statutes.

1. <u>FSAA</u>

The FSAA prohibits "any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading" in an "advertisement of any sort." Minn. Stat. § 325F.67. Despite Plaintiffs' contention to the contrary, the Complaint does not allege that Defendants made any misrepresentation or other false statement in an advertisement. Indeed, the Complaint does not contain the word "advertisement." Nor does the Complaint allege that the complained-of misrepresentations occurred in anything disseminated to the public. The FSAA by its terms prohibits only misrepresentations in advertising. Plaintiffs have failed to state a claim for a violation of the FSAA, and Count III will be dismissed to that extent.

2. <u>DTPA</u>

Defendants assert that Plaintiffs have failed to allege a necessary element of a claim under the DTPA, namely that the alleged fraud or deception created a likelihood of confusion or misunderstanding. However, the Complaint clearly alleges that Plaintiffs and other consumers were confused about the source of the title insurance for which they contracted. Defendants argue that Plaintiffs actually pled that "consumers are not concerned about the sources of required fees or the corporate relationships of their title service provider." (Defs.' Reply Mem. at 8.) Defendants read the Complaint too narrowly. The Complaint states that consumers accept on faith the assertions as to the source of the fees and the title service providers, but this statement does not mean that there is no confusion. A misrepresentation may occur even though the consumer does not initially doubt the veracity of the statement

made. As alleged in the Complaint, Defendants' misrepresentations and omissions are actionable under the DTPA.

3. CFA and UTPA

Defendants also oversimplify Plaintiffs' claims under the CFA and UTPA. Defendants characterize Plaintiffs' claims as claims that Defendants did not disclose their corporate relationships and go on to argue that such non-disclosures do not amount to violations of the CFA and UTPA as a matter of law. In fact, Plaintiffs claim that their realtors were partners in sham title companies, that the realtors' relationships with the title companies were not disclosed to Plaintiffs, and that Plaintiffs paid more for title services as a result of the realtors' relationships with the title companies. These allegations are quintessential allegations of consumer fraud and unfair trade practices. Whether Plaintiffs can sustain these allegations remains to be seen. On a motion to dismiss, however, Plaintiffs have alleged enough to proceed to discovery.

4. Damages

Finally, Defendants contend that Plaintiffs have failed to sufficiently plead damages. It is not clear what Defendants would have Plaintiffs plead in this regard. The Complaint states that Plaintiffs have suffered actual damages, and Plaintiffs also allege more specifically that they were forced to pay more than the market rate for title services as a result of Defendants' conduct. The Federal Rules of Civil Procedure require a "short and plain

statement" of the claims. Fed. R. Civ. P. 8. The Complaint certainly meets this requirement, and sufficiently pleads the damages Plaintiffs have allegedly suffered.

**CONCLUSION**

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Clerk Doc. No. 7) is **DENIED in part** and **GRANTED in part**; and

2. Plaintiffs' claim under the Minnesota False Statement in Advertising Act is **DISMISSED**.

Dated: December 10, 2001

Paul A. Magnuson
United States District Court Judge