**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Mark Gardner,**
**Danielle Baker,**
**and All Others**
**Similarly Situated**

**Plaintiffs,**

**v.**

**First American Title**
**Insurance Company,**
**Universal Title Company,**
**Universal Partnerships,**
**Inc.**

**Defendants.**

**Civil No. 01-937 (PAM/SRN)**

**ORDER**

---

J. Gordon Rudd, Jr., Esq. and David Cialkowski, Esq., on behalf of Plaintiffs.

Clarissa W. Cook, Esq. and Douglas W. King, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on April 30, 2002, on Plaintiffs' Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (Doc. No. 23).

This Order addresses that motion.

## I. DEFENDANT'S MOTION TO COMPEL

### A. Background.

In the present case, Plaintiffs have brought claims for violations of the Real Estate

JUN 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et. seq.*, Minnesota Consumer Protection Statutes, and other law. Plaintiffs allege that Defendants are violating RESPA's prohibition on referral fees. Specifically, the Complaint states that Defendants have created "sham companies," designed to look like the "controlled business arrangements" which are exempt from RESPA's prohibition on referral fees. The Complaint alleges that because Defendants know they can not directly pay professional real estate service providers for the referral of business, they have established a deceptive scheme to bypass RESPA's prohibition, "and funnel financial incentives to those persons indirectly."

On January 18, 2002, the Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota entered a Pretrial Schedule to "govern the class certification portion of this proceeding. This Pretrial Schedule provided that "[w]ithin 10 days after the Court issues its ruling on the class certification issue, the parties should prepare a second Rule 26(f) Report with proposed dates for merits discovery."

**B. Discussion.**

This Order will first address both parties' general arguments concerning the discovery sought in this motion. It will then address the parties' specific arguments concerning particular requests.

Plaintiffs state that all of the discovery they request is relevant to the present lawsuit, and Defendants should be compelled to respond. Plaintiffs explain that Defendants have provided boilerplate responses to nearly all discovery requests. In these responses, Defendants state that the discovery is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiffs state that Defendants include blanket

objections of attorney-client privilege, and work-product protection. Plaintiffs argue that Defendants have the burden of demonstrating why the discovery requests are improper, and by offering only conclusory objections, they have failed to carry that burden. In addition, Plaintiffs state that Defendants have failed to provide a privilege log, despite objecting to certain discovery requests based on a claim of privilege.

Further, Plaintiffs maintain that merits discovery is not precluded simply because the Pretrial Schedule in this case addresses only class certification discovery. Plaintiffs cite In re Potash, 1994 WL 1108312 (D. Minn. 1994), to support the argument that they should not be prohibited from conducting merits discovery within the time period specified for class certification discovery. Plaintiffs note that the present Pretrial Schedule does not prohibit merits discovery. Further, the liberal language of Fed. R. Civ. P. 26(b)(1) indicates that Plaintiffs should be permitted to pursue merits discovery even at this stage.

Finally, Plaintiffs emphasize that much of the discovery they seek is relevant both to class certification and the merits of the case. They state, "[f]or instance, one could not address the issue of whether there are common questions of law and fact among putative class members without probing Defendants' uniform conduct, business structure, agreements with agencies and vendors who may do business with subject customers, etc."

Defendants assert that they have responded to all discovery requests concerning class certification. Defendants explain that in the present case, the one question which is critical to class certification is whether Defendants disclosed their business arrangements to the customers. All other questions, according to Defendants, concern merits rather than class certifications issues. Defendants state that merits discovery is inappropriate and violates the Pretrial Order.

They argue that the Pretrial Schedule concerns class certification, and provides for merits discovery only after class certification discovery is complete. Defendants cite Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974), for the proposition that "courts have no authority to conduct a preliminary inquiry into the merits of an action to determine whether it may be maintained as a class action." Moreover, the Court in Eisen found that pursuing merits discovery at this stage results in "substantial prejudice to defendants." Consequently, Defendants have refused to respond to requests for merits discovery.

Defendants state that they have not supplied a privilege log because they have not yet withheld any documents on the basis of privilege. To date, they have only asserted the privilege objection in order not to waive that objection.

The Court finds that Judge Magnuson clearly intended to bifurcate discovery. And the Pretrial Schedule was designed to allow class certification discovery to be completed before merits discovery begins. Nevertheless, to the extent that certain discovery is relevant to both class certification and merits, it must be included as class certification discovery. Consequently, such overlapping discovery should be conducted within the deadlines set for class certification discovery. Because that deadline has already passed, the Court will issue an Amended Pretrial Scheduling Order to accompany this Order. The Amended Pretrial Scheduling Order will address all of the remaining deadlines concerning class certification.

**1. Interrogatory No. 13 & Document Request No. 18**

Interrogatory No. 13 requires Defendants to identify and describe all facts on which they base the contentions in their Answer, that class certification is not proper. Document Request No. 18 requires Defendants to provide copies of all documents, materials, and things supporting

the contentions in paragraphs 73-81 of their Answer, including the contentions that class certification is not proper.

Plaintiffs state that Defendants failed to include facts in support of their objections to these requests. Therefore, the objections are merely conclusory and not valid. In addition, Plaintiffs state that Defendants failed to provide a privilege log. In addition, Plaintiffs state that Defendants' use of the phrase "to the extent"demonstrates that Defendants have not actually decided whether the objection should apply.

Defendants concede that these requests are not merits-based. They argue, however, that they are overly broad and premature. Defendants state that answering these requests would in effect require them to draft their opposition to a class certification motion, when such a motion has not yet been filed. Further, Defendants state that if they attempted to anticipate Plaintiffs' class certification motion and answered these requests, then if they raised new arguments in response to Plaintiffs' actual class certification motion, they would be accused of failing to make proper disclosures and supplementation to these requests. Finally, Defendants state that Plaintiffs are attempting, through these requests, to shift the burden to them to disprove class certification, when Plaintiffs actually have the burden of proving class certification.

The Court grants Plaintiffs' motion with respect to these requests. The majority of class certification discovery is complete in this case. Therefore, it is now appropriate for Plaintiffs to serve these requests, which are essentially contention interrogatories. Defendants are instructed to respond to this discovery by June 21, 2002.

### 2. <u>Interrogatory Nos. 9-12 & Document Request Nos. 37-39</u>

Interrogatory Nos. 9-12 require Defendants to identify and describe all facts on which

they base their denial of allegations in paragraphs 1, 12, 19, and 58 of the Complaint. Document Request Nos. 37-39 seek the documents supporting the factual basis for Defendants' denial of paragraphs 1, 12, and 19.

Paragraphs 1 and 12 of the Complaint state that Defendants' limited partnerships are actually "sham controlled business arrangements" organized to bypass RESPA's prohibitions against the payment of referral fees and other things of value. Paragraph 19 of the Complaint states that there is no legitimate business purpose to referring business to these limited partnerships other than to facilitate the exchange of referral fees. Paragraph 58 of the Complaint states that consumers do not receive adequate written disclosures of the true relationship between the limited partnerships and the actual providers of the referred services.

Plaintiffs state that this "business structure" type discovery "informs the class inquiry." Without this information, Plaintiffs state they would be hindered in establishing that Defendants assumed a common course of conduct with respect to their customers. Plaintiffs also require this information to demonstrate that their claims are typical of the class. They state that "Defendants' business practices are, in essence, the centerpiece of this litigation." [1]

Defendants respond that,

> These paragraphs cover the entire case on the merits, and disclosure of the facts on which defendants base their denial of these paragraphs would not advance any issues of class certification. Plaintiffs bear the burden of proving the core requirements of Rule 23 assuming that such "sham controlled business arrangements" exist. Documents and factual information that either prove or disprove that the limited partnership title

---

[1]Plaintiffs make the same arguments in support of all subsequent discovery requests discussed in this Order. Consequently, the Court will consider this argument, but not restate it in sections 3-9.

> agencies are "shams" are irrelevant to plaintiffs' burden of proving this class can survive under Rule 23.

In addition, Defendants state that responding to these requests would require a complete recitation of their defense on the merits. They cite Eisen, 417 U.S. at 177, for the proposition that they have no duty to provide such disclosure while the Court is still determining whether the case may be maintained as a class action.

The Court denies Plaintiff's motion with respect to these requests. The requests are almost entirely merits based. And to the extent they concern class certification, such information is already covered by Interrogatory No. 13 and Document Request No. 18.

**3. Document Request Nos. 6-8, 15, & 35**

These document requests seek all private placement memoranda, prospectuses, limited partnership agreements, and subscription agreements of the limited partnerships, and all meeting minutes or memoranda discussing the formation of, and business purpose of creating title agency limited partnerships.

Defendants respond that these requests concern only what limited partners were told before joining the title agency limited partnerships. They argue that disclosures made to agents or partners is are not relevant to class certification. Defendants contend that the only relevant issue to class certification is what disclosures were made to customers before they obtained title insurance and settlement services from the limited partnerships. Therefore, these requests do not concern class certification.

In addition, Defendants state that they have agreed to provide documents responsive to the requests relating to formation, creation, and operation of the limited partnerships, and requests relating to all title and closing services agreements, and all agency agreements.

Therefore, Defendants conclude that Plaintiffs will have all the necessary documents for demonstrating similarities between the limited partnerships.

The Court denies Plaintiff's motion with respect to these requests. The requests are almost entirely merits based. And to the extent they concern class certification, such information is already covered by Interrogatory No. 13 and Document Request No. 18.

**4. Document Request Nos. 11 & 21**

These requests seek all promotional and marketing materials provided to real estate agents, and all promotional materials used by any title agency limited partnership to attract business in the general marketplace.

Defendants state that the information sought by these requests is irrelevant to any issue of class certification.

The Court denies Plaintiff's motion with respect to these requests. The requests are almost entirely merits based. And to the extent they concern class certification, such information is already covered by Interrogatory No. 13 and Document Request No. 18.

**5. Document Request Nos. 12 & 19**

These requests seek documents exchanged with any federal or state agency, lobbyist, or trade organization concerning the title agency limited partnerships, Plaintiffs' loan transactions, this lawsuit, or practices contested in this lawsuit.

Defendants state that there is nothing specific to these documents that would concern the commonality or typicality of Plaintiffs' claims. Moreover, Defendants explain that "any common course of conduct of the title agency limited partnerships (regardless of its legality) can be gleaned from documents relating to their formation, creation, and operation, including their

Title and Closing Service Agreements and Agency Agreements." Defendants explain that they have agreed to provide this information in response to Document Request No. 1.

The Court denies Plaintiff's motion with respect to these requests. The requests are almost entirely merits based. And to the extent they concern class certification, such information is already covered by Interrogatory No. 13 and Document Request No. 18.

**6. Document Request Nos. 26, 31, & 32**

These requests seek contracts between title agency limited partnerships and any third-party vendors supplying abstracting, plat drawings, special assessment searches, and contracts identifying the purchase or lease of office equipment or furniture by or for the title agency limited partnerships.

Defendants respond that these requests go to the merits of Plaintiffs' allegations that the title agency limited partnerships are sham companies, but they have nothing to do with the issue of class certification.

The Court denies Plaintiff's motion with respect to these requests. The requests are almost entirely merits based. And to the extent they concern class certification, such information is already covered by Interrogatory No. 13 and Document Request No. 18.

**7. Document Request Nos. 13 & 14**

Defendants state they have already produced all documents responsive to these requests, and withheld nothing on the basis of privilege. As a result, the Court denies Plaintiffs' motion as moot with respect to these requests.

**8. Document Request No. 16**

This request seeks copies of any actual or potential fact witnesses or expert witnesses'

reports, statements, affidavits, declarations, deposition transcripts, or documents summarizing the witnesses' knowledge of facts contested in the Complaint.

Defendants state that it is not their burden to prove why class certification is inappropriate. Therefore, they should not be forced to provide this information prior to their opposition to Plaintiffs' motion for class certification. Defendants add that they will produce any such information in support of their opposition to Plaintiffs' motion for class certification, when that opposition is due to be filed in accordance with the Court's Pretrial Schedule.

The Court denies Plaintiffs' motion with respect to this request. The parties are instructed to comply with the expert disclosure deadlines included in the Amended Pretrial Scheduling Order. In due course, the Court will also issue a Pretrial Scheduling Order concerning merits-based discovery and motions, and a trial ready date. That Order will include deadlines for expert testimony on the merits.

**9. <u>Document Request No. 36</u>**

This request seeks documents and materials supporting or relating to the factual basis for any of Defendants' responses to any of Plaintiffs' interrogatories.

Defendants state that this request is overly broad. They explain that Plaintiffs have not specified what documents and materials they seek, or why the they are not otherwise covered by the other 38 document requests.

The Court grants Plaintiffs' motion with respect to this request in all instances in which it compelled Defendants to answer a corresponding interrogatory. Therefore, Defendants are instructed to provide any documents or materials which are responsive to Interrogatory No. 13, and not already covered by Document Request No. 18. The Court also grants Plaintiffs' motion

with respect to this request in all other instances in which Defendants have already answered an interrogatory.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiffs' Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents (Doc. No. 23) is:

**GRANTED** as to Interrogatory No. 13 and Document Request Nos. 18 & 36;

**DENIED** as to Interrogatory Nos. 9-12 and Document Request Nos. 6-8, 11, 12, 15, 16, 19, 21, 26, 31, 32, 35, & 37-39,

**DENIED AS MOOT** as to Document Request Nos. 13 & 14.

Dated: June 4, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge